**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ADAM A. LOCKE,**

     **Plaintiff,**

     v.                          **CASE NO.  21-3051-SAC**

**UNITED STATES OF AMERICA,**
**et al.,**

     **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this *pro se* civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   Plaintiff is incarcerated at USP-Leavenworth in Leavenworth, Kansas.  This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 3).

Plaintiff argues that he fears he will be retaliated against and is being denied proper medical care.  Plaintiff alleges that the appointment of counsel will allow Plaintiff to have a voice and to be protected against a powerful entity that he cannot stand against alone.  Plaintiff also alleges that the appointment of counsel will help him to receive proper medical care.  Plaintiff states that he was represented by an out-of-state attorney that is not licensed to practice law in Kansas.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v.*

*Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

The Court also notes that there is a procedure for out-of-state attorneys to appear for a particular case.  The Court's Local Rules set forth the procedure and requirements for pro hac vice admission.  The Court will direct the Clerk to provide Plaintiff with a copy of D. Kan. Rule 83.5.4.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk is directed to provide Plaintiff with a copy of D. Kan. Rule 83.5.4.

**IT IS SO ORDERED.**

**Dated April 22, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**