**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ADAM A. LOCKE,**

                        **Plaintiff,**

      v.                                     **CASE NO. 21-3051-SAC**

**UNITED STATES OF AMERICA, et al.,**

                        **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

**I.  Nature of the Matter before the Court**

    Plaintiff, an inmate at United States Penitentiary Leavenworth (USPL) in Leavenworth, Kansas, filed this pro se civil action alleging his constitutional rights were violated. He names as defendants The United States of America, the Federal Bureau of Prisons, and the following individuals associated with USPL: Warden D. Hudson, Captain B. Root, Correctional Officer D. Kitts, Lieutenant Calkers, Ms. R. Echols, Nurse Dalgato, and Dr. Gregory. Doc. 1, at 1-2. The Court has identified several deficiencies in the complaint but will allow Plaintiff the opportunity to file an amended complaint on court-approved forms that cures the deficiencies.

    As the factual background for this complaint, Plaintiff alleges that on December 17, 2019, Defendant Echols verbally abused him and caused him to be locked into a steel cage in a hallway

1

near her office at USPL.[1] *Id.* at 4-5. Defendants Calkers, Root, and Kitts entered the hallway but refused to listen to Plaintiff's assertions that he had done nothing wrong. *Id.* at 5.

When Defendant Calkers opened the cage door, Plaintiff got on his knees with his hands behind his back, but Defendant Root threw him into the wall and Defendant Calkers held Plaintiff's hands behind his back until Defendant Kitts placed him in handcuffs. *Id.* Plaintiff told Defendant Root he had done nothing wrong, and Defendant Root grabbed the back of Plaintiff's head and smashed his face into a wall, breaking his glasses and cutting Plaintiff's face over his left eye. *Id.* Defendant Root smashed Plaintiff's face into the wall a second time and held it there, grinding Plaintiff's face into the wall, causing the left side of Plaintiff's face to swell and injuring Plaintiff's left eye. *Id.* At Defendant Root's direction, Defendant Kitts took Plaintiff to the Special Housing Unit (S.H.U.). *Id.*

On the way to the S.H.U., Defendant Kitts apologized to Plaintiff and said that he would not have handcuffed Plaintiff's hands behind his back "if I knew that they were going to do you like that.'" *Id.* Defendant Kitts also said that he was afraid of retaliation, so he would tell the truth about the incident but only after his retirement. *Id.* If asked about the incident while

---

[1] For screening purposes, the Court takes all the well-pleaded allegations in the complaint as true. *See Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

still employed at USPL, Defendant Kitts would deny seeing anything. *Id.* at 5-6. Later that day, Plaintiff asked Defendant Calkers if he had seen what Defendant Root did to Plaintiff; Defendant Calkers replied that he had not seen anything, and it would be best to leave it alone. *Id.* at 6.

The following day, Plaintiff began to seek medical attention for his injuries from Defendant Dalgato and, after some medical requests were ignored, Plaintiff eventually spoke with Dr. Blair. *Id.* After he explained to Defendant Blair what happened, Dr. Blair said he would email medical staff about the assault and Plaintiff's request for medical assistance. *Id.* For over a year, however, Plaintiff's requests for medical treatment of the injuries caused by Defendants Root and Calkers were ignored, despite assurances by Defendant Hudson that Plaintiff would be escorted to medical appointments. *Id.* at 6, 10. On November 19, 2020, Plaintiff submitted an electronic cop out to Defendant Gregory identifying his ongoing injuries from Defendant Root and stating that Plaintiff suffered constant pain. *Id.* at 6. Defendant Gregory replied that Plaintiff had said at an appointment "'on 9-19,'" that his "'neck pain had resolved, but [he] had low back pain" and an "x-ray was unremarkable.'" *Id.* Plaintiff contends that "9-19" refers to September 19, 2019, which was before the events at the heart of this case. *Id.*

3

Plaintiff asserts claims against Defendants in their official and personal capacities. *Id.* at 8. He asserts that Defendants Root and Calkers' actions on December 17, 2019 constituted excessive force in violation of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* Plaintiff also asserts an Eighth Amendment claim against Defendants Echols, Kitts, and Calkers for failing to intervene when Defendant Root assaulted Plaintiff, thereby acting with a deliberate or reckless disregard for Plaintiff's safety or a substantial risk of serious harm to Plaintiff. *Id.* at 8-9. Similarly, Plaintiff asserts that Defendant Dalgato failed to report Defendant Root's actions after Plaintiff informed her of the assault. *Id.* at 9. As relief, Plaintiff seeks $5,000,000 in damages, costs and fees associated with this case, and that Defendants be criminally charged with assault and the failure to report a felony offense. *Id.* at 11.

## II.  Court-Approved Forms

Local Rule 9.1(a) requires that "civil rights complaints by prisoners under 42 U.S.C. § 1983 and pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), must be on forms approved by the court." See D. Kan. Rule 9.1(a). The same rule identifies information which must be included in such a complaint. See D. Kan. Rule 9.1(f). Although Plaintiff's complaint is filed on a

form, it is not the form approved by this court and the complaint does not contain all the required information. Thus, Plaintiff is directed to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those he wishes to retain from the original complaint. Plaintiff must write the number of this case (21-3051) at the top of the first page of the amended complaint. *See* Fed. R. Civ. P. Rule 10.

If Plaintiff does not file an amended complaint within the given time that complies with Local Rule 9.1 and cures all the deficiencies discussed herein, this matter will be decided on the current deficient complaint.

**III. Screening Standards**

Because Mr. Locke is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant

immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**IV. Discussion**

   **A. Cause of Action**

Plaintiff purports to bring his claims under 42 U.S.C. § 1983, as well as 28 U.S.C. § 1331 and *Bivens*; at another point in the complaint, Plaintiff refers to 18 U.S.C. § 242. The threshold issue is the appropriate cause of action for Plaintiff's claims.

     **1. 28 U.S.C. § 242**

Plaintiff asserts that "18 U.S.C. [§] 242 was enacted to enforce [the] Fourteenth Amendment, it punishes acts by federal officer and acts by state officers whether they act under state or federal law." (Doc. 1, p. 8.) Plaintiff cannot obtain relief on the ground that Defendants violated 18 U.S.C. § 242. That statute is a federal criminal statute that does not provide Plaintiff with a private cause of action. *See Lynch v. Bulman*, 2007 WL 2993612, *2 (10th Cir. 2007) (unpublished opinion).

     **2. 42 U.S.C. § 1983**

It appears that Plaintiff may also wish to assert claims under 42 U.S.C. § 1983. (See Doc. 1, p. 8.) "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48–

49 (1988) (citation omitted). A defendant acts "under color of state law" when he or she "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citations omitted).

Plaintiff alleges no facts that support a plausible inference that any defendant was acting under color of *state* law. The events took place in a federal penitentiary and the defendants all appear to be federal officials or employees. Therefore, Plaintiff fails to state a claim under § 1983.

### 3. 28 U.S.C. 1331 and *Bivens*

The complaint now before the Court contains claims that appear to fall within the boundaries of *Bivens*.

> "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. Though more limited in some respects . . . , a *Bivens* action is the federal analog to suit brought against state officials under [section 1983]."

*Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). Because *Bivens* claims and § 1983 claims are analogous, the Court cites to legal authority regarding both. *See Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020) (noting the parallel between *Bivens* and § 1983 actions).

7

**B. Sovereign Immunity**

Plaintiff asserts claims against the individual Defendants "in their official and personal capacities." (Doc. 1, p. 8.)

> "There is no such animal as a *Bivens* suit against a public official . . . in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity . . . operates as a claim against the United States.' And '[s]overeign immunity . . . shields the United States, its agencies, and its officers acting in their official capacity from suit."

*Watson v. Hollingsworth*, 741 Fed. Appx. 545, 550-51 (10th Cir. 2018) (quoting *Normandy Apartments, Ltd. v. U.S. Dep't of Hous.*, 554 F.3d 1290, 1295 (10th Cir. 2009)) (internal citations omitted).

Because sovereign immunity "is jurisdictional and deprives courts of subject-matter jurisdiction," Plaintiff bears the burden to point to a specific waiver of sovereign immunity before he may bring a *Bivens* claim against the federal government, a federal agency, or a federal official in his or her official capacity. *Watson*, 741 Fed. Appx. at 551 (citing *Normandy Apartments, Ltd.*, 554 F.3d at 1295). Plaintiff has not done so. Thus, the Court lacks subject-matter jurisdiction over Plaintiff's claims against Defendants in their official capacities. It is unclear from the complaint whether Plaintiff alleges claims against The United

States of America and the Federal Bureau of Prisons[2], but such claims are also barred by sovereign immunity.

**C. Failure to State a Claim**

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Even so, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under

---

[2] The caption of the complaint refers to "United States [o]f America, Federal Bureau of Prisons, Captain B. Root," etc. (Doc. 1, 1.)

9

this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins*, 519 F.3d at 1247 (citing *Twombly*, at 1974).

### 1. Failure to Allege Personal Participation by Defendant Hudson

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 or *Bivens* claim."). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant

10

did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The only factual allegations directly involving Defendant Hudson are as follows. Plaintiff submitted a BP-9 form to Defendant Hudson complaining that he had been assaulted by Defendant Root and had been seeking medical treatment for the resulting injuries since December 17, 2019. (Doc. 1, p. 10.) Plaintiff received a response on or about December 28, 2020[3] that stated, in part, "'Records indicate you are currently scheduled to be evaluated by medical staff. You will be escorted to health services building on your unit[']s day for medical appointments,'" but as of February 15, 2021, Plaintiff had not been seen by medical staff. *Id.*

An allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Similarly, Defendant Hudson's alleged failure to ensure

---

[3] The complaint asserts Plaintiff received the response "[o]n or about 12-28-21." (Doc. 1, p. 10.) The Court assumes Plaintiff means December 28, 2020, as December 21, 2021 has not yet occurred.

11

the occurrence of events anticipated in his communication with Plaintiff does not rise to the level of personal participation required to state a *Bivens* claim against him. Even liberally construing the complaint and taking all well-pleaded allegations therein as true, Plaintiff has failed to adequately allege sufficient personal involvement by Defendant Hudson.[4]

### 2. Failure to Adequately Allege a Federal Constitutional Violation

Relatedly, although Plaintiff has alleged specific actions taken by other Defendants, the actions attributed to Defendant Gregory do not establish a plausible *Bivens* claim for violation of the Eighth Amendment.

Plaintiff alleges that on November 19, 2020, he submitted an electronic cop out to Defendant Gregory, his medical provider, explaining that Defendant Root had injured him, identifying his ongoing injuries, and stating that he suffered constant pain. (Doc. 1, p. 6.) Defendant Gregory informed Plaintiff that he would be medically evaluated, but as of February 15, 2021, Plaintiff had not received medical attention. *Id.* at 10. Defendant Gregory also asserted that Plaintiff had said at an appointment "'on 9-19,'" that his "'neck pain had resolved, but [he] had low back pain" and

---

[4] This is based on the construction of the complaint to allege claims of excessive force and deliberate indifference. If Plaintiff intended to articulate other or additional constitutional claims, he may do so in his amended complaint if he chooses to file one.

an "x-ray was unremarkable.'" *Id.* at 6. Plaintiff contends that "9-19" refers to September 19, 2019, which was before the events at the heart of this case. *Id.* Plaintiff also asserts that Defendant Gregory falsely told him that all medical cop outs become part of his medical records. *Id.*

Plaintiff has not identified the constitutional right he believes Defendant Gregory violated. Even taking all these allegations as true, Plaintiff has not alleged any facts that establish Defendant Gregory violated his constitutional rights.

**V. Amended Complaint Required**

For the reasons stated herein, the complaint currently before the Court contains multiple deficiencies and was filed on an improper form. The Court therefore grants Plaintiff the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. In his amended complaint, Plaintiff must (1) identify proper defendants; (2) identify the particular federal constitutional right or rights he believes Defendants violated; (3) allege sufficient facts to state a claim of a federal constitutional violation and show a cause of action in federal court; and (4) allege sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an amended complaint within the given time that cures all the

deficiencies discussed herein, this matter will be decided on the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until **August 23, 2021** to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send *Bivens* forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 23rd day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge