**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ADAM A. LOCKE,**

    **Plaintiff,**

    v.                                                                     **CASE NO. 21-3051-SAC**

**UNITED STATES OF AMERICA,**
**et al.,**

    **Defendants.**

## ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights case. At the time of filing, Plaintiff was incarcerated at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Plaintiff is currently incarcerated at Fort Dix FCI in Fort Dix, New Jersey. On July 23, 2021, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint at Doc. 9. The Court's screening standards and the underlying facts are set forth in the MOSC.

Plaintiff originally brought his claims under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and *Bivens*, and 18 U.S.C. § 242. The Court found in the MOSC that Plaintiff's claims were not properly brought under § 1983 or § 242. (Doc. 6, at 6–7.) Plaintiff has cured this deficiency by only asserting claims under § 1331 and *Bivens* in his Amended Complaint. (Doc. 9, at 2.)

The Court also found in the MOSC that Plaintiff's official capacity claims are barred by sovereign immunity. Plaintiff's Amended Complaint only sues defendants in their individual capacities. (Doc. 9, at 3.) Plaintiff has also dropped the United States of America and the Federal Bureau of Prisons as defendants.

1

The Court also found in the MOSC that Plaintiff failed to allege sufficient personal involvement by Warden Hudson. (Doc. 6, at 10–12.) Plaintiff has not named Warden Hudson as a defendant in his Amended Complaint.

Plaintiff's Amended Complaint continues to allege Eighth Amendment violations, including excessive force, cruel and unusual punishment, and deliberate indifference to his safety and medical needs, while housed at USPL. His claims are the result of an alleged assault and use of excessive force occurring on December 17, 2019, and the failure to receive proper medical care regarding injuries he suffered as a result of the incident.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of USPL. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of USPL to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED THAT:**

(1) Officials responsible for the operation of USPL are directed to undertake a review Plaintiff's Amended Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the claims; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to the claims and should be considered together.

(2) Upon completion of the review, a written report shall be compiled which shall be filed with the Court within **thirty days** of the date of this Order and served on

       Plaintiff. The officials must seek leave of the Court if they wish to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(3)    Authorization is granted to USPL officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(4)    No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(5)    Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the USPL Warden as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Warden may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the USPL Warden, and to the United States Attorney for the District of Kansas.

**IT IS SO ORDERED**.

**Dated November 16, 2021, in Topeka, Kansas.**

                                          <u>S/ Sam A. Crow</u>
                                          **SAM A. CROW**
                                          **SENIOR U. S. DISTRICT JUDGE**