IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM A. LOCKE,

      Plaintiff,

     v.                                                          CASE NO. 21-3051-SAC

UNITED STATES OF AMERICA,
et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights case. At the time of filing, Plaintiff was incarcerated at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Plaintiff is currently incarcerated at Fort Dix FCI in Fort Dix, New Jersey. On July 23, 2021, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. The Court screened Plaintiff's Amended Complaint (Doc. 9) and ordered the officials responsible for the operation of USPL to prepare a *Martinez* Report. (Doc. 12.) The *Martinez* Report has now been filed. (Doc. 17.) The Court entered an Order (Doc. 18) granting Plaintiff an opportunity to respond to the *Martinez* Report. This matter is before the Court on Plaintiff's response (Doc. 21) and for screening Plaintiff's Amended Complaint in light of the Report. The Court's screening standards and the underlying facts are set forth in detail in the Court's MOSC.

**I. Nature of the Matter Before the Court**

Plaintiff's Amended Complaint alleges Eighth Amendment violations, including excessive force, cruel and unusual punishment, and deliberate indifference to his safety and medical needs, while housed at USPL. His claims are the result of an alleged assault and use of excessive force occurring on December 17, 2019, and the failure to receive proper medical care regarding injuries

he suffered as a result of the incident. Plaintiff alleges that Defendant Root assaulted Plaintiff and Defendants Echols and Calkers were deliberately indifferent by failing to act to prevent or stop the assault. Plaintiff claims that Defendants Gregory and Dalgado were deliberately indifferent to Plaintiff's medical needs.

## II. Discussion

The *Martinez* Report identifies the five BOP staff members named as Defendants as follows: Brian Root, formerly a Captain at USPL; Carl Calkins, Lieutenant, USPL; Rea Echols, Captain's Secretary, USPL; Sara Delgado, Paramedic, USPL; and Jeremie Gregory, Nurse Practitioner. (Doc. 17–1, at 3.) Defendants Calkins, Echols, and Delgado are employees of USPL, and were so employed during the times set forth in the Amended Complaint. *Id*. Defendant Root remains employed by the BOP and is currently assigned to another institution. *Id*. Defendant Gregory is employed by the United States Public Health Service ("PHS") and was detailed to the BOP at USPL during the times set forth in the Amended Complaint but is now assigned to another federal agency. *Id*.

PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of their performance of a medical or related function. *Hui v. Castaneda*, 559 U.S. 799, 802 (2010). The Federal Tort Claims Act remedy is "exclusive of any other civil action or proceeding" for any personal injury caused by a PHS officer or employee performing medical or related functions "while acting within the scope of his office or employment." *Id*. (citing 42 U.S.C. § 233). Therefore, the Court dismisses Defendant Gregory from this action.

The *Martinez* Report provides that Plaintiff's allegations were referred to the BOP's Office of Internal Affairs, which authorized a local investigation. (Doc. 17–1, at 6.) The investigation was conducted by Senior Correctional Services Specialist Michael Harris and Plaintiff's claims

2

that he was physically assaulted and verbally abused were not sustained. *Id*. at 6. As part of the investigation, Harris interviewed and obtained affidavits from Plaintiff and relevant staff. The affidavits, dated May 2020, were submitted to the Court *in camera*. While Plaintiff's affidavit was consistent with his allegations in his Amended Complaint, the affidavits of the staff members generally deny Plaintiff's allegations. Staff were interviewed again in January 2022, and to the extent they recalled the incident, their recollections were consistent with their previous affidavits. *Id*. at 10–12.

The *Martinez* Report also provides that no records documenting a use of force incident or the application of restraints exist for the alleged December 17, 2019 incident. *Id*. at 9. Plaintiff received a disciplinary report for being insolent to a staff member for conduct that occurred on December 17, 2019. *Id*. at 10; Doc. 17–12. The Incident Report provides that Defendant Echols alleged that Plaintiff looked at her in a sexual manner while licking his lips, and that Plaintiff became disrespectful and combative towards Echols at which point he was placed into the holding cage. *Id*.

The medical records submitted with the Report show that Plaintiff referenced the alleged excessive force incident while seeing medical professionals on August 11, 2020, and March 22, 2021. (Doc. 17–9, at 1; Doc. 17–8, at 5.) The Report provides that "[t]here is also no evidence that Plaintiff sustained any injuries on or about December 17, 2019, and was in need of medical treatment and that such medical treatment was denied." (Doc. 17–1, at 12.)

Plaintiff's Amended Complaint includes an attachment showing that Plaintiff emailed Dr. Clark through Health Services on December 24, 2019, stating that:

> On 12/18/2019 I personally submitted a written cop out to medical staff while I was in the (shu). Stating that I was suffering from a deep gash above my left eye, a swollen blk left eye and that the left side of my face was also swollen and that my federal issued glasses

3

> were broken and that my neck has been reinjured and that I am in constant pain and further that I would like to be seen by medical as soon as possible these injuries occurred in the Lt. hallway while being placed in the (shu). I'm not aware if your office received this medical cop out but I will like to be seen by medical as soon as possible and will be reporting for sick call immediately now that I am out of the (shu). In addition Dr. Blair also submitted a written email to your medical office in this regard on or about 12/18/2019.

(Doc. 9–1, at 15–16.) On October 1, 2020, Plaintiff emailed Dr. Clark again stating that Plaintiff has "repeatedly submitted medical requests in regards to seeing some one pertaining to the on going neck and back problems that [he has] been experiencing [due] to the assault of B. [R]oot . . ." *Id*. at 17. A similar email was sent to Health Services on November 19, 2020. *Id*. at 19.

Plaintiff has filed a response to the *Martinez* Report. (Doc. 21.) Plaintiff disputes the allegations in the *Martinez* Report. Plaintiff maintains his version of the events and his allegations set forth in his Amended Complaint. The *Martinez* Report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)). Therefore, Plaintiff's Amended Complaint survives screening and the Court will order Defendants to answer or otherwise respond to the Amended Complaint.

**IT IS THEREFORE ORDERED THAT** the Clerk is directed to serve Defendants Root, Calkers, Echols, and Delgado, under Fed. R. Civ. P. 4(i). The Clerk shall also correct Defendants' names on the docket.[1]

**IT IS FURTHER ORDERED** that Defendant Gregory is **dismissed** from this action.

**IT IS FURTHER ORDERED** that Defendants shall have until **July 19, 2022, i**n which to file an answer or otherwise respond to Plaintiff's Amended Complaint.

---

[1] The Defendants' correct names are as follows: Brian Root; Carl Calkins; Rea Echols; and Sara Delgado.

**IT IS SO ORDERED**.

**Dated June 17, 2022, in Topeka, Kansas.**

                                        **s/ Sam A. Crow**
                                        **SAM A. CROW**
                                        **U. S. Senior District Judge**